IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kimberly A. Miera, ) | Civil Action No. 3:17-cv-01911-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ANSWER BY DEUTSCHE BANK** |
| ) | **NATIONAL TRUST COMPANY, AS** |
| Deutsche Bank National Trust Company, ) | **TRUSTEE FOR AMERIQUEST** |
| as Trustee for Ameriquest Mortgage ) | **MORTGAGE SECURITIES, INC.,** |
| Securities, Inc., Asset-Backed Pass- ) | **ASSET-BACKED PASS-THROUGH** |
| Through Certificates, Series 2004-R4, ) | **CERTIFICATES, SERIES 2004-R4** |
| Altisource Solutions, Inc. and John Doe ) | **TO AMENDED COMPLAINT** |
| (representing individuals whose identities ) | |
| are not yet known) , ) | |
| ) | |
| Defendants. ) | |

Defendant Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-R4 ("DBNTC as Trustee"), answers the Plaintiff's Amended Complaint ("Amended Complaint") as follows. DBNTC as Trustee denies each and every allegation not specifically admitted herein.

**FOR A FIRST DEFENSE**

**AS TO THE FIRST CAUSE OF ACTION**
(Trespass)

1.     In response to Paragraph 1 of the Amended Complaint, DBNTC as Trustee states that this action was removed to the United States District Court for the District of South Carolina, and DBNTC as Trustee would admit that this District Court has jurisdiction over the parties and the subject matter hereof.

2.     Paragraph 2 of the Amended Complaint is not directed to DBNTC as Trustee and, therefore, no response is required.  To the extent a response is required, DBNTC as Trustee

admits that Plaintiff referred to Defendant Altisource Solutions, Inc. thereafter in the Amended Complaint as "Altisource."

3. Paragraph 3 of the Amended Complaint is not directed to DBNTC as Trustee and, therefore, no response is required. To the extent a response is required, DBNTC as Trustee lacks sufficient information regarding the allegations of Paragraph 3 and, therefore, denies the same.

4. In response to Paragraph 4 of the Amended Complaint, DBNTC as Trustee craves reference to the file for C/A No. 2015-CP-32-0203 in the Office of the Clerk of Court for Lexington County, South Carolina, which speaks for itself, and denies any allegations inconsistent therewith.

5. In response to Paragraph 5 of the Amended Complaint, DBNTC as Trustee craves reference to the file for C/A No. 2015-CP-32-0203 in the Office of the Clerk of Court for Lexington County, South Carolina, which speaks for itself, and denies any allegations inconsistent therewith.

6. In response to Paragraph 6 of the Amended Complaint, DBNTC as Trustee craves reference to that Deed dated January 11, 2017, and recorded January 26, 2017, in the Office of the Register of Deeds for Lexington County, South Carolina, in Deed Book 18966 at Page 259, which speaks for itself, and denies any allegations inconsistent therewith.

7. In response to Paragraph 7 of the Amended Complaint, DBNTC as Trustee craves reference to the notice, which speaks for itself, and denies any allegations inconsistent therewith.

8. In response to Paragraph 8 of the Amended Complaint, DBNTC as Trustee lacks sufficient information and, therefore, denies the same.

9. In response to Paragraph 9 of the Amended Complaint, DBNTC as Trustee lacks sufficient information and, therefore, denies the same.

10. In response to Paragraph 10 of the Amended Complaint, DBNTC as Trustee lacks sufficient information and, therefore, denies the same.

11. In response to Paragraph 11 of the Amended Complaint, DBNTC as Trustee lacks sufficient information and, therefore, denies the same.

12. To the extent Paragraph 12 of the Amended Complaint alleges that Plaintiff's personal property was removed, DBNTC as Trustee lacks sufficient information and, therefore, denies the same.  The remainder of Paragraph 12 states a legal conclusion to which no response is required.  To the extent a response is required, DBNTC as Trustee craves reference to the file for C/A No. 2015-CP-32-0203 in the Office of the Clerk of Court for Lexington County, South Carolina, and that Deed dated January 11, 2017, and recorded January 26, 2017, in the Office of the Register of Deeds for Lexington County, South Carolina, in Deed Book 18966 at Page 259, which speak for themselves, and denies any allegations inconsistent therewith.

13. DBNTC as Trustee denies Paragraph 13 of the Amended Complaint and opposes all relief sought therein.

## AS TO THE SECOND CAUSE OF ACTION
### (Conversion)

14. In response to Paragraph 14 of the Amended Complaint, DBNTC as Trustee incorporates the admissions and denials above as if repeated verbatim herein.

15. DBNTC as Trustee denies Paragraph 15 of the Amended Complaint and opposes all relief sought therein.

## AS TO THE THIRD CAUSE OF ACTION
### (§ 15-67-410, et seq.)

16. In response to Paragraph 16 of the Amended Complaint, DBNTC as Trustee incorporates the admissions and denials above as if repeated verbatim herein.

17. In response to Paragraph 17 of the Amended Complaint, DBNTC as Trustee craves reference to S.C. Code Ann. § 15-67-410, et seq. To the extent Paragraph 17 alleges that DBNTC as Trustee violated S.C. Code Ann. § 15-67-410 et seq., DBNTC as Trustee denies this allegation.

18. DBNTC as Trustee denies Paragraph 18 of the Amended Complaint and opposes all relief sought therein.

## AS TO THE FOURTH CAUSE OF ACTION
**(South Carolina Unfair Trade Practices Act)**

19. In response to Paragraph 19 of the Amended Complaint, DBNTC as Trustee incorporates the admissions and denials above as if repeated verbatim herein.

20. DBNTC as Trustee denies Paragraph 20 of the Amended Complaint.

21. DBNTC as Trustee denies Paragraph 21 of the Amended Complaint.

22. DBNTC as Trustee denies Paragraph 22 of the Amended Complaint.

23. DBNTC as Trustee denies Paragraph 23 of the Amended Complaint and opposes all relief sought therein.

24. DBNTC as Trustee denies Paragraph 24 of the Amended Complaint and opposes all relief sought therein.

25. DBNTC as Trustee denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause.

## FOR A SECOND DEFENSE

26. The Amended Complaint fails to state a cause of action upon which relief may be granted and should be dismissed pursuant to the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

27. Plaintiff's claims may be barred by the terms of agreements between the parties.

**FOR A FOURTH DEFENSE**

28.	Plaintiff's claims may be barred because the actions upon which the Amended Complaint is based, if taken by another defendant, would have been outside the scope of the applicable employment or agency relationship, if any.

**FOR A FIFTH DEFENSE**

29.	Plaintiff's claims may be barred or limited because if any taking of personal property occurred, it was done so by mistake or under a bona fide belief or right and was not done willfully, intentionally, recklessly, or with indifference to Plaintiff's rights.

**FOR A SIXTH DEFENSE**

30.	Plaintiff's claim for punitive damages, if allowed, is limited as set forth by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**FOR A SEVENTH DEFENSE**

31.	Plaintiff's claim for punitive damages, if allowed, is limited as set forth in S.C. Code Ann. § 15-32-530.

**FOR AN EIGHTH DEFENSE**

32.	Plaintiff's claim for violation of South Carolina's Unfair Trade Practices Act may be barred because the conduct complained of does not constitute "trade or commerce" within the meaning of the Act.

**FOR A NINTH DEFENSE**

33.	Plaintiff's claims may be barred by release, waiver, and/or estoppel.

## FOR A TENTH DEFENSE

34. Plaintiff's claims may be barred by unclean hands.

## FOR AN ELEVENTH DEFENSE

35. Plaintiff's claims may be barred by her failure to mitigate damages.

## FOR A TWELFTH DEFENSE

36. Plaintiff's claims may be barred in whole or in part by setoff.

## FOR A THIRTEENTH DEFENSE

37. DBNTC as Trustee has not yet had an opportunity to fully investigate the facts of this matter through discovery and, therefore, asserts all affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and reserves the right to assert additional defenses upon discovery of facts supporting the same.

WHEREFORE, having fully answered the Amended Complaint of the Plaintiff, Defendant Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-R4, prays that the Amended Complaint be dismissed with prejudice and for such other and further relief as the Court may deem just and proper.

**K&L GATES, LLP**

By: <u>s/Jennifer H. Thiem</u>
    Jennifer H. Thiem
    E-Mail: jennifer.thiem@klgates.com
    Tara C. Sullivan
    E-Mail: tara.sullivan@klgates.com
    134 Meeting Street, Suite 500
    Charleston, SC 29401
    Telephone: 843.579.5600
    Facsimile: 843.579.5601

**ATTORNEYS FOR DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R4**

July 26, 2017
Charleston, South Carolina